IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALE E. ULRICH,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE, et al.,<br><br>Respondents. | Cause No. CV 14-140-BLG-SPW<br><br>ORDER DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Petitioner Dale Ulrich's application for writ of habeas corpus under 28 U.S.C. § 2254. Ulrich is a state prisoner proceeding pro se. He challenges a conviction for felony incest entered in Dawson County, Montana. Pet. (Doc. 1) at 1, 2. Although the case was referred on opening to a United States Magistrate Judge, *see* D. Mont. L.R. 72.2(a)(1), it is clear the proceedings need not be protracted. Referral is terminated. *See* L.R. 72.2(c).

Ulrich was convicted and sentenced in Dawson County on December 12, 2011, for felony incest. *See* Pet. at 3. The judge who reviewed the prosecutor's motion for leave to file an Information and found probable cause to support the charge was the same judge who accepted Ulrich's guilty plea and sentenced him. Ulrich claims this was unconstitutional because it created the fact and appearance of bias. Ulrich also claims that his counsel was ineffective in failing to identify and address the issue in the proceedings that led to Ulrich's current custody. He claims

1

his rights under the United States Constitution and the Montana Constitution were violated. *See generally* Pet. at 3-15; *see also* Mont. Code Ann. §§ 46-11-101, -201.

Ulrich's petition is based on a specious theory that has gained credence among jailhouse lawyers and inmates in Montana's prisons. This Court has independently reviewed Ulrich's allegations and the controlling law. It has determined that Chief Judge Christensen's Order of January 21, 2015, in *Ayers v. Kirkegard*, Cause No. CV 14-110-BLG, and *Ayers v. Berkebile*, Cause No. CV 14-164-BLG (D. Mont. Jan. 21, 2015), is correct.

For the reasons set forth in Judge Christensen's Order, Ulrich's petition is denied as frivolous. All claims are conclusively lacking in merit. Rule 4, Rules Governing § 2254 Cases.

Ulrich does not make any showing that he was deprived of a constitutional right. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

## ORDER

1. The Clerk of Court shall attach to this Order a copy of Judge Christensen's Order (Doc. 6) in *Ayers v. Kirkegard*, No. CV 14-110-BLG-DLC (D. Mont. filed Jan. 21, 2015).

2. For the reasons set forth in Judge Christensen's Order, Ulrich's Petition (Doc. 1) is DENIED for lack of merit.

3. The Clerk of Court is directed to enter judgment, by separate document, against Ulrich and in favor of Respondents.

4. A certificate of appealability is DENIED on all issues.

5. This case is CLOSED. Other than a notice of appeal, no further filings will be accepted.

DATED this _4th_ day of March, 2015.

Susan P. Watters
United States District Court